IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JAIME JARAMILLO, et al. | ) | |
| | ) | |
| On Behalf of Herself and All Others Similarly Situated, | ) ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | CASE NO. 2:09-cv-02551 |
| | ) | |
| v. | ) | |
| | ) | |
| DINEEQUITY, INC., APPLEBEE'S INTERNATIONAL, INC., and WEIGHT WATCHERS INTERNATIONAL, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Defendants DineEquity, Inc., Applebee's International, Inc. and Weight Watchers International, Inc. ("Defendants") hereby move the Court to dismiss, pursuant to Fed. R. of Civ. P. 12(b)(6), Plaintiffs' First Amended Complaint on the grounds that it asserts the same claims that have been dismissed by this Court in a companion case, *Shepard v. DineEquity, Inc. et al.*, No. 2:08-cv-02416-KHV-DJW.

**I.   INTRODUCTION**

Although brought on behalf of different named plaintiffs, this case is substantively identical to a case on which this Court just entered judgment for the same defendants. *Shepard v. DineEquity, Inc. et al.*, No. 2:08-cv-02416-KHV-DJW, Dkt. No. 183 (Apr. 7, 2010) (granting Defendants' Motion for Judgment on the Pleadings re: RICO Causes of Action); Dkt. No. 184 (Apr. 12, 2010) (entering judgment for Defendants DineEquity, Inc., Applebee's International, Inc., and Weight Watchers International, Inc.). The Court should do the same here.

## II.     BACKGROUND

On November 20, 2008, Plaintiffs Jaime Jaramillo, Jason Ciszewski, Michelle Ciszewski, Leonardo Biundo, and Crystal Biundo filed a purported nationwide class action in state court in Cook County, Illinois, against Defendants DineEquity, Inc., Applebee's International, Inc., and Weight Watchers, Inc.

The Complaint alleged that tests conducted by an "independent laboratory" showed that certain items listed on Applebee's menus in conjunction with the Weight Watchers® logo had more fat, calories, and POINTS® values than stated on the menu. Compl. ¶¶ 14-15 (Dkt. No. 1-1). This variation, the Complaint asserted, supported the following causes of action: (1) violation of the Illinois Consumer Fraud Act; (2) violation of the Illinois Uniform Deceptive Trade Practices Act; (3) Unjust Enrichment; (4) Breach of Contract; (5) Breach of Implied Warranty; and (6) Breach of Express Warranty.  *Id*. ¶¶ 25-32, 33-38, 39-44, 45-54, 55-61, 62-69.

On March 31, 2009, Defendants removed to federal court in the Northern District of Illinois.  On October 9, 2009, after this Court's preemption ruling in *Shepard*, Dkt. No. 122 (Sept. 25, 2009), the Northern District of Illinois granted Defendants' motion to transfer the case to this Court because, "[h]aving just decided the issue in [*Shepard*], that court is intimately familiar with NLEA [Nutritional Labeling and Education Act] preemption of state law claims and could more efficiently determine whether or not the Illinois action is also preempted." *See* Mem. Op. and Order, at 14, Case. No. 1:09-cv-01983 (N.D. Ill. Oct. 9, 2009) (Denlow, J.) (Dkt. No. 51).[1]

---

[1] Judge Denlow explained: "Judge Kathryn Vratil issued an opinion dismissing the state court claims in the Kansas action on the basis of federal preemption, finding that *the NLEA preempted all of the plaintiffs' state law claims*.  This issue is almost certain to arise in the Illinois action, as the lawyers for the defendants are the same in both actions, *and all of the claims in the Illinois action are state law claims.*  It would go against the public's interest in judicial economy to allow two different courts to hear *nearly identical* motions." *Id*. at 13 (emphasis added).

As anticipated by Judge Denlow, Defendants filed a motion for judgment on the pleadings asking the Court to find, as it had already found in *Shepard*, that Plaintiffs' state laws claims were preempted by the NLEA. Dkt. No. 64.  Plaintiffs first requested an extension to "properly respond to the various arguments proffered by Defendants in support of their motion." Dkt. No. 68 ¶ 5.

Plaintiffs did not respond, however; they filed their First Amended Complaint ("FAC"), in which they abandoned their state law claims and instead imported wholesale the RICO allegations from the Second Amended Complaint ("SAC") in *Shepard*.  *Compare* FAC ¶¶ 27-44 (Dkt. No. 77) *with* SAC in *Shepard* ¶¶ 61-77 (*Shepard*, Dkt. No. 103).  The FAC also names DineEquity as a defendant, despite this Court's holding in *Shepard* that DineEquity should be dismissed from identical RICO allegations.  *Shepard*, Dkt. No. 122, at 18.

On April 7, 2010, this Court granted Defendants' motion for judgment on the pleadings in *Shepard* on the grounds that the SAC did not allege a violation of the NLEA's "reasonable basis" standard and therefore had not alleged the common law fraud necessary to allege mail fraud, a prerequisite for a RICO violation.  *Shepard*, Dkt. No. 183.  The Court subsequently entered judgment for all Defendants.  *Shepard*, Dkt. No. 184.

### III.   ARGUMENT

####   A.   Plaintiffs' RICO Claims Are Identical to the RICO Claims In *Shepard* Dismissed by the Court's Order of April 7, 2010.

The FAC is substantively indistinguishable from the SAC in *Shepard*.  In fact, a side-by-side comparison of the two complaints shows that, aside from a few minor changes (such as changing the phrase "around the nation" to "throughout the United States") Plaintiffs literally cut and pasted the RICO allegations in the FAC from the SAC in *Shepard*.  *Compare* FAC ¶¶ 27-44, at ¶ 31 (Dkt. No. 77) *with* SAC in *Shepard* ¶¶ 60-77 (*Shepard*, Dkt. No. 103).

In addition to copying the RICO counts from the SAC in *Shepard*, Plaintiffs' action is also premised on the same facts. For example, both the SAC in *Shepard* and FAC in *Jaramillo* allege that testing performed by an "independent laboratory" showed that items served in Applebee's restaurants contained more calories, fat, or POINTS® values than declared on menus. *Compare* FAC ¶ 16 (Dkt. No. 77) *with* SAC in *Shepard* ¶¶ 35-36 (*Shepard*, Dkt. No. 103).

Accordingly, the reasoning set forth in the Court's Order of April 7, 2010 dismissing the SAC in *Shepard* applies with equal force here, and the Court should dismiss the FAC pursuant to Rule 12(b)(6).

### B. As this Court has Already Held, DineEquity Should Be Dismissed Because Plaintiffs Have Not Alleged That It Operated the RICO "Enterprise."

The FAC also contravenes yet another of this Court's rulings in *Shepard*, because Plaintiffs have named DineEquity as a defendant to their RICO claims.

In *Shepard,* the plaintiffs' First Amended Complaint asserted claims for violations of RICO against Applebee's, Weight Watchers, and DineEquity. *See Shepard* Dkt. No. 42 (Count I and Count II). This Court held that as a matter of law these allegations were insufficient to state a RICO claim against DineEquity:

> Plaintiffs allege that beginning in 2007, DineEquity violated RICO by entering into the scheme to defraud which began in 2003. Defendants argue that plaintiffs have not alleged an independent basis for RICO liability as to DineEquity. In support of this argument, defendants cite Waddell & Reed Financial, Inc. v. Torchmark Corp., 223 F.R.D. 566, 600 (D. Kan. 2004), in which this Court held that "absent some allegation that by using a subsidiary, the parent corporate was able to more easily commit or conceal the fraud, a subsidiary is not considered an 'enterprise' separate from the parent corporation."
>
> . . . [P]laintiffs have not alleged a factual basis for their conclusory allegation that DineEquity "operated the enterprise by virtue of its ownership of Applebee's." See Plaintiffs' Consolidated Opposition to Defendants' Motion to Dismiss (Doc. #64) filed April 6, 2009 at 38. Even if true, this summary allegation is

>   insufficient to establish plaintiffs' RICO claims against DineEquity
>   and is therefore dismissed.

*Shepard*, Dkt. No. 122, at 18.

Undeterred by this ruling (even after Defendants directed their attention to it), Plaintiffs now name DineEquity as a defendant to the FAC, *see* FAC ¶ 3, even though their RICO allegations are identical to those in *Shepard* and premised on the same facts. Accordingly, this Court should reiterate its prior ruling and dismiss DineEquity from this case on these grounds as well.

## IV.   CONCLUSION

This case alleges the same violations (RICO) as *Shepard* and is premised on the same facts. For the same reasons, this Court should dismiss and enter judgment in favor of Defendants.

Respectfully submitted,

BAKER STERCHI COWDEN & RICE, L.L.C.

  /s/  Angela M. Higgins
| | |
|---|---|
| Kara Trouslot Stubbs | KS #15805 |
| Angela M. Higgins | KS #21141 |

2400 Pershing Road, Suite 500
Kansas City, MO  64108
Telephone:    (816) 471-2121
Facsimile:     (816) 472-0288
stubbs@bscr-law.com
higgins@bscr-law.com

-and-

        Trenton H. Norris
        Angel Garganta
        Sarah Esmaili
        Rachel Chanin
        ARNOLD & PORTER LLP
        275 Battery Street, 27th Floor
        San Francisco, California 94111
        Telephone: (415) 356-3068
        Facsimile: (415) 356-3099
        trent.norris@aporter.com
        angel.garganta@aporter.com
        sarah.esmaili@aporter.com
        rachel.chanin@aporter.com

        **ATTORNEYS FOR DEFENDANTS**

### **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of April, 2010, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send notice of the filing to the following attorneys of record:

| | |
|---|---|
| Ralph K. Phalen, Esq. | Larry D. Drury, Esq. |
| RALPH PHALEN ATTY. AT LAW | James Rowe, Esq. |
| 1000 Broadway, Suite 400 | LARRY D. DRURY, LTD. |
| Kansas City, Missouri 64105 | 205 West Randolph Street, Ste. 1430 |
| (816) 589-0753 | Chicago, IL 60606 |
| (816) 471-1701 FAX | ldrurylaw@aol.com |
| phalenlaw@comcast.net | |

      ATTORNEYS FOR PLAINTIFFS

I further certify that on the 16th day of April, 2010, I served a copy of the above and foregoing, via e-mail transmission, to the following attorney who is not registered to receive notice via the CM/ECF system:

Ben Barnow, Esq.
Erich Schork, Esq.
BARNOW & ASSOCIATES, P.C.
1 North LaSalle Street, Ste. 4600
Chicago, IL 60602
b.barnow@barnowlaw.com
ATTORNEYS FOR PLAINTIFFS

    /s/  Angela M. Higgins